# CASES

IN THE

# SUPREME JUDICIAL COURT,

IN THE

COUNTY OF PISCATAQUIS, JUNE TERM, 1841.

WILLIAM. G. CLARK *versus* BINGHAM GELLERSON *& als.*

The evidence of the sale of a possessory interest in real estate is not required to be by deed — and if by deed, the same need not be acknowledged nor recorded.

THE facts in this case sufficiently appear in the opinion of the Court.

*Hutchinson,* for the defendants.

*J. Appleton,* for the plaintiff.

The opinion of the Court was by

TENNEY J. — This action, which is upon a note of hand, in the name of the indorsee, negotiated after it became payable, is defended on the ground, that no consideration has been realized by the defendants. The supposed consideration was the conveyance of a possessory title to certain real estate in the town of Brighton to the defendants by one Woodward, made Oct. 8, 1832, Woodward holding under a deed from one Witherell bearing date July 6, 1831, acknowledged Aug. 11, 1832, at the time of the conveyance to the defendants, being and having before been in the possession and occupancy of the land. It is insisted by the defendants, that an attachment made July 6, 1832, and the subsequent sale, Sept. 8, 1832, of the possessory right, as the property of said Witherell, defeated

the conveyance to Woodward, so that the defendants could take nothing by Woodward's deed to them.

It is not necessary that the evidence of sale of such an interest should be a deed, consequently the acknowledgement and registry are not required. The deed, such as was executed and delivered by Witherell in this case, and the possession of Woodward, which we are to suppose commenced upon its delivery, as the exceptions are silent as to the time, were sufficient to pass the right to him, and that was afterwards legally transferred to the defendants. There was then nothing on which the attachment in the suit against Witherell could operate and the consideration of the note has not been taken away.

*Exceptions overruled.*